UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **REBECCA KELLER, INDIVIDUALLY AND ON BEHALF OF DAVID KELLER** | **CIVIL ACTION NO:** <br> 1:25cv9 HSO-BWR |
| Plaintiff | Jury trial requested |
| Versus | |
| **THE UNITED STATES OF AMERICA** | |
| Defendant | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Rebecca Keller, individually and on behalf of her deceased husband, David Keller, who respectfully avers as follows:

## INTRODUCTION

1.

This is a claim against Defendant, The United States of America, being brought under the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.* for negligence and professional malpractice in connection with acts and/or omissions of medical care provided by the Department of Veterans Affairs at the Gulf Coast Health Crae System, Biloxi, Mississippi.

2.

Plaintiff, Rebecca Keller, the surviving spouse of David Keller, has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. *Ex. A – Form 95-109*.

3.

On July 9, 2024, the U.S. Department of Veterans Affairs (VA) received Plaintiff's tort claim. *Ex. B – VA Acknowledgment Letter*.

4.

The agency failed to make a final disposition of the claim within six months after the complaint was filed. Under 28 U.S.C. §2675(a), this failure shall be deemed a final denial of the claim.

5.

This suit has been timely filed as Plaintiff timely served notice of the claim less than two years after the incidents forming the basis of this suit on the Department of Veterans Affairs at the Gulf Coast Health Crae System, Biloxi, Mississippi and six months have passed since the complaint was served.

**PARTIES**

Made Plaintiff herein is Rebecca Keller. Rebecca Keller is a person of the full age of majority and a resident of Biloxi, Mississippi.

6.

Made Defendant herein is the United States, hereinafter ("The Defendant").

**JURISDICTION AND VENUE**

7.

This Court has exclusive jurisdiction over this matter under 28 U.S.C. §1346(b) as it is being brought under the Federal Tort Claims Act ("FTCA") 28 U.S.C. §2671-2680 and the United States is the Defendant.

8.

Venue is proper as all the alleged acts and/or omissions occurred in Harrison County, Mississippi.

**FACTUAL ALLEGATIONS**

9.

On August 18, 2023, David Keller, a 61-year-old man at the time, presented to the Veterans Affairs Medical Center ("VA"), a subsidiary of Defendant, Emergency Department with complaints of constipation, nausea, and abdominal distention.

10.

Mr. Keller underwent a CT scan of his abdomen, which showed he was suffering from an enlarged impaction. A diagnostic colonoscopy was recommended for further evaluation, and Mr. Keller was eventually placed on endoscopy preparation.

11.

Mr. Keller's medical provider at the VA informed Mr. and Mrs. Keller that they could not perform surgery on the weekends. Mr. Keller was not transported to a facility where the procedure could be performed.

12.

Over the next couple of days, Mr. Keller's condition continued to worsen.

13.

On August 20, 2023, Mr. Keller underwent imaging of his abdomen which revealed further distention and bowel loops.

14.

On or around August 20, 2023, Mr. Keller received an NG tube.

15.

On August 21, 2023, Mr. Keller received a colonoscopy which required significant extraction and intubation.

16.

After the procedure, Mr. Keller developed acute hypoxic respiratory failure requiring reintubation and ventilation in the PACU.

17.

Mr. Keller was transferred to the ICU where he quickly decompensated throughout the night. Mr. Keller had poor saturations on the ventilator with increasing O2 requirements. Mr. Keller had an initial episode of hypotension and bradycardia, as well as four coding events.

18.

In the early morning of August 22, 2023, Mr. Keller passed away.

19.

Mr. Keller's cause of death was listed as cardiopulmonary failure, colonic obstruction with intervention requiring endotracheal anesthesia, and acute hypoxic respiratory failure.

20.

David Keller's injuries and subsequent death were caused by the negligence of the policies and procedures of the Veterans Affairs Medical Center as well as the employees of the Veterans Affairs Medical Center, whose actions Veterans Affairs Medical Center is vicariously liable for, as the colonoscopy procedure was delayed to the point where Mr. Keller developed a significant impaction which then caused severe complications and eventual death.

21.

As a result of the breaches of standard of care committed by the Veterans Affairs Medical Center and the employees of the Veterans Affairs Medical Center, David Keller suffered from unnecessary pain and discomfort leading up to his death and Plaintiff, Rebecca Keller, has suffered and continues to suffer as a result of Mr. Keller's premature death.

22.

Plaintiff brings this wrongful death and survival action for damages suffered by Plaintiff and David Keller.

## CAUSES OF ACTION

## COUNT I – NEGLIGENCE

23.

Plaintiff realleges and incorporates each and every allegation above as if set forth herein.

24.

The Defendant had a duty to provide ordinary care, and to exercise this standard and degree of care and skill required of healthcare providers, consistent with the expertise that the Defendant presented to the community at large.

25.

The Defendant breached its duty of care owed to David Keller.

26.

At all relevant times to this Complaint, Defendant had a duty to create, implement and/or maintain adequate policies and procedures for scheduling and performing procedures and/or transferring patients to facilities that could provide services Defendant was unable to provide.

27.

The Defendant breached its duty by failing to create, implement, and/or maintain adequate policies and procedures for scheduling and performing procedures.

28.

The Defendant breached its duty by failing to create, implement, and/or maintain adequate policies and procedures for transferring patients to facilities that could perform services Defendant is unable to provide.

29.

As a direct and proximate result of Defendant's negligence, David Keller's bowel procedure was delayed to the point that Mr. Keller developed a significant impaction which then caused severe complications and eventual death.

30.

The acts and/or omissions set forth above would constitute a claim under the law of the State of Mississippi.

**COUNT II – VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY**

31.

Plaintiff realleges and incorporates each and every allegation above as if set forth herein.

32.

At all relevant times to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant.

33.

At all relevant times to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were acting within their respective capacities and scopes of employment for the Defendant.

34.

The directors, officers, operators, administrators, employees, agents, and staff negligently and/or recklessly, directly, and proximately caused personal injury to David and Rebecca Keller, including both acts of omission and acts of commission.

35.

As a direct and proximate result of the negligence of the directors, officers, operators, administrators, employees, agents, and staff, for which Defendant is vicariously liable for, David Keller's bowel procedure was delayed to the point that Mr. Keller developed a significant impaction which then caused severe complications and eventual death.

36.

The acts and/or omissions set forth above would constitute a claim under the law of the State of Mississippi.

**PRAYER FOR RELIEF**

**WHEREFORE**, after due proceedings had, Plaintiff prays for judgment in her favor in such sums that are reasonable and just for the following damages caused by the negligence of the Veterans Affairs Medical Center, a subsidiary of Defendant, the United States:

1) Past pain and suffering;

2) Past medical expenses;

3) Loss of enjoyment of life;

4) Loss of consortium;

5) Loss of income;

6) Lost earning capacity;

7) Funeral expenses;

8) Physical and mental pain suffered by David Keller before his death;

9) All other general and special damages that may be applicable;

10) Court costs; and

11) Judicial interest.

RESPECTFULLY SUBMITTED,

**SANGISETTY LAW FIRM, LLC**

*/s/ Amanda J. Olmsted*
Amanda J. Olmsted, Esq. (MS Bar No.: 106505)
3914 Canal St., New Orleans, LA 70119
Telephone:   504-662-1016
Facsimile:   504-662-1318
amanda@sangisettylaw.com